[Civ. No. 3725. Third Appellate District.—March 19, 1929.]

JOSEPH SEPERMAN, Appellant, v. LYON FIRE PROOF STORAGE COMPANY (a Corporation), Respondent.

Chauncey Gardner for Appellant.

Joe Crider, Jr., and Howard E. Forster, for Respondent.

THOMPSON (R. L.), J.—■ This is an appeal from a judgment in favor of the defendant in an action for damages for the death of a child caused by an automobile accident. The case was tried before a jury. When the evidence of both parties was completed, on motion of the defendant the jury was discharged and a judgment by the court was rendered for the defendant. The evidence of the negligence of the driver of the truck was conflicting and should have been submitted to the jury.

September 3, 1925, at 5:15 P. M., the defendant's truck was being driven southerly along Echo Park Avenue in Los Angeles. This avenue was paved, with a single street-car track along its center. There were concrete walks and a boulevard on either side of the avenue. Between Cerro Gordo and Donaldson Streets, where the accident occurred, it was slightly downgrade in the direction in which the truck was traveling. The course of the truck was about seven feet from the westerly curbing. Loaded with furniture, the truck was making its last trip for the day. It was broad daylight and, except for a street-car which passed northerly a few moments before the accident occurred, there was no traffic in the vicinity. The street was open, straight and unobstructed for blocks. By the side of the driver of the truck sat his helper and associate.

Mrs. Nidorff, who chanced to be at a grocery-store which was located midway on the westerly side of the block in which the accident occurred, testified: "The truck passed by with an awful speed . . . going 25 or 30 miles per hour. . . . I saw the truck pass by with an awful racket." In the vicinity of a tree and telephone pole which were located on the boulevard on the westerly side of Echo Park Avenue, 15 feet northerly from its intersection with Donaldson Street, the plaintiff's five year old child was playing with a companion. Mr. Wallace testified: "They were playing on the curb. . . . I saw Gordon start and run out into the street. . . . I saw the children playing in the street. . . . I saw a street-car coming. . . . He (the child) was running toward the car and waving his hands." Mrs. Chernos, who

was riding on the street-car, said: "I saw two or three children playing on the curb, . . . jumping up and down. . . . They were absorbed in playing a game of some kind." Whether the children were playing in the street or on the boulevard near the curbing, there was nothing to obstruct a clear view of them for some distance up the street. ■ The presence of small children playing in a street or near the curbing should be a warning to drivers of passing automobiles requiring the exercise of care for their safety. The driver of the defendant's truck testified that he was traveling not more than fifteen miles an hour; that he was looking straight ahead and did not see the children. He said: "I got within a few feet north of Donaldson Avenue; I spotted a little form dart out from the curb. Where the little thing came from I don't know. As I spotted him, I shoved down the footbrake and pulled up the lever with all my power. The little form came from off the curb on the west side of the street, running with its little body in a northeasterly direction . . . watching the electric car. . . . I done all that one could do, and it was impossible, impossible." The child was struck by the automobile at a point about fifteen or twenty feet northerly from the corner of Donaldson and Echo Park Streets, and died from the injuries sustained. At the place of the accident, skid marks were found on the pavement which were thirty-five feet in length. Ten feet below the lower terminus of these skid marks were blood stains on the pavement caused from the child's injuries.

The testimony of Mrs. Nidorff and the presence of skid marks thirty-five feet in length, caused by the dragging of the wheels of the truck, furnished substantial evidence from which the jury would have been warranted in finding the driver of the truck guilty of negligence for driving at an excessive rate of speed. It was therefore error to withdraw this issue from the jury.

■ In this case a motion for nonsuit was denied. This, however, does not prevent the court from subsequently directing a verdict in favor of the defendant if the condition of the record warrants it. (24 Cal. Jur. 916, sec. 163; Sellers v. Solway Land Co., 31 Cal. App. 259 [160 Pac. 175].) The procedure in the present case of first denying the defendant's motion for a directed verdict and then discharg-

ing the jury and rendering judgment for the defendant was unusual, but it may be assumed to have been equivalent to a directed verdict. (See *Estate of Sharon*, 179 Cal. 447, 459 [177 Pac. 283].) In considering a motion for a directed verdict, the evidence of the adverse party must be deemed to have been true together with all fair and rational inferences and deductions which may reasonably be drawn therefrom. A verdict should not be directed by the court unless the evidence is so conclusive that reasonable minds may not differ as to the result which must necessarily follow. Directing the verdict of a jury on questions of fact, where there is any substantial evidence to the contrary, is a clear invasion of the province of the jury. (*Butler-Veitch Co.* v. *Barnard*, 77 Cal. App. 709 [247 Pac. 597].)

In this case the defendant pleaded, and there was an effort to prove, that the accident was the result of the imputed negligence of the parents of the deceased child in carelessly permitting it to play upon the street. There was also a conflict in the evidence as to this issue. Contributory negligence will not ordinarily be imputed to a child of tender years. (*Gonzales* v. *Davis*, 197 Cal. 256 [240 Pac. 16].) In determining the reasonableness of the conduct of a child, its age, maturity, and capacity must be taken into consideration. (*Hoy* v. *Tornich*, 199 Cal. 545, 554 [250 Pac. 565].) Parents are chargeable with ordinary care in the protection of their minor children, and where a parent sues in his own right for injuries to or the death of his minor child, the doctrine of imputed negligence on the part of the parent will apply. (*Zarzana* v. *Neve Drug Co.*, 180 Cal. 32, 35 [15 A. L. R. 401, 179 Pac. 203].) The question as to whether a parent is guilty of imputed negligence in permitting a five year old child to play on or adjacent to a street under circumstances such as are shown in the present case is essentially a question for the jury. (*Zarzana* v. *Neve Drug Co.*, supra; *Fox* v. *Oakland Cons. St. Ry.*, 118 Cal. 55 [62 Am. St. Rep. 216, 50 Pac. 25]; *Daly* v. *Hinz*, 113 Cal. 366 [45 Pac. 693]; *Karr* v. *Parks*, 40 Cal. 188.)

The judgment is reversed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 18, 1929, and a petition

by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1929.

All the Justices present concurred.