[Civ. No. 638. Fourth Appellate District.—December 12, 1932.]

JOSEPH CARRISOSA et al., Respondents, v. SOUTHERN SERVICE COMPANY (a Corporation) et al., Appellants.

Joe Crider, Jr., and Elber H. Tilson for Appellants.

Wm. P. Webb for Respondents.

BARNARD, P. J.—This is an action for damages for the death of the minor son of the plaintiffs which it is claimed resulted from his being run into by a delivery truck owned by the defendant corporation and operated at the time by one of its employees, the individual defendant.

Some of the essential facts may be briefly stated as follows: The plaintiffs resided on W. Chestnut Street in the city of Anaheim, the back yard of their premises abutting upon Oak Street, the next street north of Chestnut. Oak Street is paved and but thirty feet wide. In the block in which the plaintiffs live the property between Oak Street and the next street north is solidly built with business buildings, having their main entrance to the north with their rear doors facing Oak Street. The property occupied by the plaintiffs was about the middle of the block, and nearly opposite the rear end of this property and on the north side of Oak Street was the rear door of the grocery-store. At the time here in question a number of automobiles were standing along the south curb of this portion of Oak Street, being parked parallel to the curb. On the north side of Oak Street, opposite the rear of plaintiffs' premises, a truck was parked diagonally to the north curb and protruding into the street about fifteen or eighteen feet. This left a distance of from seven to ten feet between this truck and the cars parked along the south curb of Oak Street as a passageway for any automobile to travel at the time.

Around noon on the day in question, the plaintiff Ida Carrisosa accompanied her small son, age four years and three months, to the sidewalk on the south side of Oak Street in the rear of her home and from there sent him across Oak Street to the grocery-store referred to, for the purpose of getting an article she needed in completing the

family washing in which she was engaged. As soon as the boy had crossed the street the mother hurried into the house to turn off the gas under her washing. She returned almost immediately to the sidewalk at the rear of her home with the intention of watching the boy recross the street from the store, but when she arrived at the sidewalk the accident had already occurred which resulted in the death of the child. As the boy returned from the grocery-store he ran in a southerly direction across the street at a point a short distance east of the truck parked diagonally to the north curb. As he crossed the narrow opening between this truck and the cars parked on the south side of this street he either ran into or was struck by the laundry truck belonging to and driven by the respective defendants, receiving injuries which proved fatal. The laundry truck was proceeding east on Oak Street at the time of the accident.

The case was tried by the court without a jury, the court finding in favor of the plaintiffs on the issues presented as to negligence on the part of the defendants and contributory negligence on the part of the plaintiffs, and defendants have appealed from the judgment rendered.

■ The appellants' first contention is that there is no evidence to justify the finding of negligence on the part of the driver of the laundry truck. However, the record shows that this accident occurred about noon on a clear day, with the pavement dry. The street was only thirty feet in width and at the time in question the only opening through which an automobile could pass was between seven and ten feet wide and this fact was plainly evident to an approaching driver. One witness testified that at a point about 165 feet from the scene of the accident the laundry truck was proceeding at a rate of thirty miles per hour, and that just an instant later he heard the crash of the collision. There is evidence that after its brakes were applied the laundry truck left a skid mark of burned rubber on the pavement for a distance of forty-two feet and five inches. This evidence alone was sufficient to support this finding. (*Seperman* v. *Lyon Fire Proof Storage Co.*, 97 Cal. App. 654 [275 Pac. 980].) There was also evidence that the brakes on this truck were in good working order and in such condition that they would stop the truck while

going at a rate of speed of from twenty to twenty-five miles per hour on a similar street, within a distance of about eighteen feet. The evidence shows that the street where this accident happened constituted a business district as defined in the California Vehicle Act as it then read, and the speed limit as then existing was fifteen miles per hour. The narrow opening remaining for passage through this street and the obstruction to a clear view presented by the presence and position of the parked truck, taken in connection with the other evidence produced, furnish not only further indication of a question of fact in relation to negligence on the part of the appellant driver, but additional support for the findings complained of.

While the trial court found in favor of the respondents on the issue as to contributory negligence upon their part, the appellants mainly rely for a reversal of this case upon their contention that under the circumstances disclosed by the evidence, the respondents must be held guilty of contributory negligence as a matter of law. It is argued that since the mother went to the sidewalk and watched the boy cross the street and intended to come back in time to safeguard his return, it is apparent that she fully realized the danger attendant upon sending a boy of that age upon such an errand and that, having done so, especially in the middle of a block, she must be held, as a matter of law, to be guilty of contributory negligence. In the case before us there was no evidence of any city ordinance forbidding the crossing of this street in the middle of the block and no question of violation of any city ordinance is presented. While a number of cases are cited by the appellants in which it has been held that parents may not recover for injuries to their children if themselves guilty of any negligence which contributed to the happening of the accident, none of these cases furnish support for the contention here made that the question of such contributory negligence in this case is one of law and not one of fact. In one of the cases cited by appellants, *Fox* v. *Oakland Consol. St. Ry.*, 118 Cal. 55 [50 Pac. 25, 26, 62 Am. St. Rep. 216], the court said:

"Negligence is not absolute, but is a thing which is always relative to the particular circumstances of which it is sought to be predicated. For this reason it is very rare

that a set of circumstances is presented which enables a court to say as a matter of law that negligence has been shown. As a very general rule, it is a question of fact for the jury—an inference to be deduced from the circumstances; and it is only where the deduction to be drawn is inevitably that of negligence that the court is authorized to withdraw the question from the jury. The fact that the evidence may be without conflict is not controlling, nor even necessarily material. Conceded facts may as readily afford a difference of opinion as to the inferences and conclusions to be drawn therefrom as those which rest upon conflicting evidence; and, if there be room for such difference, the question must be left to the jury. (Beach on Contributory Negligence, sec. 163; *Schierhold* v. *North Beach etc. R. R. Co.*, 40 Cal. 447, 453; *Van Praag* v. *Gale*, 107 Cal. 438 [40 Pac. 555].)

"Within these principles the evidence in this case cannot be said to establish negligence *per se*. Parents are chargeable with the exercise of ordinary care in the protection of their minor children; and whether the conduct of the mother, for which plaintiff is to be held responsible, in permitting the deceased child to be out of her sight for a period of from fifteen to twenty minutes, without satisfying herself of his whereabouts, was, under all the circumstances, a want of ordinary care, was, we think, a fairly debatable question. (*Schierhold* v. *North Beach etc. R. R. Co., supra; Meeks* v. *Southern Pac. R. Co.*, 56 Cal. 513 [38 Am. Rep. 67]; *Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504 [18 N. E. 108].)"

While no decision exactly in point here has been called to our attention, in a number of cases involving a similar question under somewhat different circumstances it has been held that such a question of contributory negligence is one of fact and not one of law. (*De Nardi* v. *Palanca*, 120 Cal. App. 371 [8 Pac. (2d) 220]; *Seperman* v. *Lyon Fire Proof Storage Co., supra; Metcalf* v. *Romano*, 83 Cal. App. 508 [257 Pac. 114]; *Wong Kit* v. *Crescent Creamery Co.*, 87 Cal. App. 563 [262 Pac. 481]; *Patania* v. *Yellow-Checker Cab Co.*, 102 Cal. App. 600 [283 Pac. 295]; *Wiezorek* v. *Ferris*, 176 Cal. 353 [167 Pac. 234].)

A number of circumstances lead to the conclusion that a similar rule should be applied in the present case. It

can reasonably be inferred from the evidence that regardless of the fact that this was called a street, it was, in fact, merely an alley and mainly used for the purpose of loading and unloading merchandise. In view of the speed limit at that place and the circumstances then existing it can hardly be said that a reasonable person must have anticipated excessively fast traffic at that place and time. Reasonable minds might differ as to whether this accident was proximately caused by the mother's negligence, if any, in permitting the child to cross the street, or by excessive speed on the part of the laundry driver at a time and place when a reasonable precaution would have prevented the injury. If it could ever be held to be negligence *per se* for a mother to send a child of this age across a street, a closer question would still be presented by the narrowness of this street and more especially by the very narrow opening which presented the only danger from passing traffic. The appellant Raines testified he saw no other car moving in the block at the time, and our attention is called to no evidence indicating this was a busy street or one on which cars were ordinarily driven rapidly. The mother evidently realized the presence of some danger, and intended to return, but either misjudged the time or was unable to get back in time. She exercised some care, and whether this should have been sufficient under the circumstances, as well as many other questions that might be suggested, are matters about which reasonable minds might differ. In view of all of the circumstances, we feel that the question of whether or not this mother used the care that a reasonable person similarly situated would have exercised is a debatable one, to be decided, as a question of fact, upon consideration of all of the evidence and of all reasonable inferences to be drawn therefrom. We conclude, therefore, that the finding of the trial court upon this issue is conclusive upon this appeal.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1933.