[Civ. Nos. 11358, 11409. First Appellate District, Division Two.— November 28, 1940.]

JOSEPH G. HEALY, Respondent, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Appellants.

(Two Cases.)

Wm. M. Abbott, Cyril Appel and Ivores Dains for Appellants.

Walter McGovern and Frank Ilgenfritz for Respondent.

NOURSE, P. J.—Plaintiff sued for damages arising out of the death of his minor son. The cause was tried with a jury, and plaintiff had a verdict for five thousand dollars. The defendants have appealed from the judgment and from the order denying their motion for judgment notwithstanding the verdict.

The deceased child was a boy of four years and eight months. He had been taken by his mother to play with a neighbor boy who lived a block away and across two intervening streets from his home. The defendant corporation operated a street railway system on Twentieth Avenue in San Francisco. About 4 o'clock P. M. of a clear day in June the defendant Allen, as motorman, so operated a street car on that line that it came to a full stop at the intersection of Twentieth Avenue and Rivera Street for the discharge of passengers. As the car stood at that point the boy was seen to leave the opposite curb and endeavor to cross Twentieth Avenue at a point about forty feet south of the intersection. The street car was started at about the same time, and the boy, approaching from the driver's left, was struck by the right front portion of the fender and carried about fifty feet before the car came to a stop. The motorman alighted and found that the boy had fallen from the fender and was lying immediately in front of the right front wheel. The motorman on his own initiative returned to his car and attempted to reverse it. There was a deep slope in the grade of the street at that point so that when the motorman released the brakes, the car lurched forward. After the boy had been removed from the track it was found that his thigh was practically severed, and he died a few hours later.

■ Appellants' first point is that there was no evidence of negligence on their part. What we have said in the statement of facts is sufficient answer. Passengers on the street car testified that they saw the boy on the curb apparently waiting for the car to come to a stop. The defendant Allen testified that he did not see the boy until he was directly in front of the car. The street was free of all other vehicle traffic, and no parked vehicles obstructed the clear view of the street. ■ The jury was justified in drawing the inference that the motorman was not looking, and in support

of the judgment we must assume that it drew that inference. The same may be said as to the act of the motorman in attempting to reverse the heavy car up grade with the boy lying directly under the wheel. If the jury inferred that the defendant was negligent in this respect the verdict has additional evidentiary support. Counsel for both parties have devoted a large part of their briefs to arguments on what they call the ''first negligent act'' and the ''second negligent act'' meaning the alleged negligent operation of the car in the first instance and the later attempt of the motorman to reverse the car up the grade to release the boy. The arguments are interesting but no more. ■ The respondent pleaded negligence in general terms and under the settled rules was thus permitted to prove any and all negligent acts of the appellants in relation to the operation of the street car.

■ The charging part of the complaint reads in part: ''said defendant Edward Allen, who was then and there the agent, servant and employee of said corporation defendant, and who was then and there acting within the scope of his said employment, drove, operated and propelled a street car of said corporation defendant in a southerly direction in said Twentieth Avenue in a careless, negligent and unskillful manner so as to cause said street car, then and there, to come into violent contact and collision with the person of said minor child whereby said minor was violently thrown and carried underneath said street car, thereby and then and there and as the proximate result of said negligence of defendants causing said minor to suffer and sustain certain physical injuries.''

In support of these allegations respondent produced evidence relating to the operation of the car in general, as we have heretofore detailed, and particularly that after the boy had been struck by the car and was lying directly in front of the right front wheel, the motorman went forward and tried to pull the boy clear from the track. He then returned to the car, released the brakes and the air intending to back the car up the grade. The car lurched forward downgrade and then was reversed, presumably running over the boy a second time. There was no evidence as to which one of these acts caused the fatal injury—when the boy was first struck as the car came down the street, when the wheel passed over his thigh as the car lurched forward after the brakes were re-

leased, or when the car was then reversed up the grade. However, they were all so closely related to the operation of the street car as to come within the general charge that it was operated in a "careless, negligent and unskillful manner."

■ But if there be any doubt as to the admissibility of the evidence of the so-called "second negligent act" under this theory that all of these separate acts were so closely related in the operation of the car at the time of the injury, and if there be any doubt as to the sufficiency of this evidence to prove appellants' negligence under the general charge of careless operation, the evidence was both admissible and sufficient under the *res ipsa loquitur* doctrine. The respondent having pleaded appellants' negligence in general terms was entitled to the inference arising out of this doctrine without specially pleading the issue. This question is discussed fully in *Porter* v. *Rasmussen,* 127 Cal. App. 405 [15 Pac. (2d) 888], where numerous cases are cited. This renders all the cases cited by appellants inapplicable here. One of them *McKeon* v. *Lissner,* 193 Cal. 297 [223 Pac. 965], is typical. The ruling there rested solely on the ground that the special act of negligence upon which the plaintiff therein relied was specially pleaded and that the complaint contained no charges of negligence in general terms.

■ Appellants contend that the plaintiff and his wife were guilty of contributory negligence in permitting the child to play in the open unattended. It would serve no purpose to write any more material on this subject. The boy was four years and eight months of age. There is no statute or ordinance which declares that as a matter of law he was too young to play upon the sidewalks of the city. The question whether his parents were negligent in permitting him to do so was purely a question of fact depending on all the facts and circumstances relating to the physical and mental condition of the boy, the physical conditions of the particular neighborhood as to traffic and similar dangers, and the special training which had been given to the boy in relation to avoiding danger. Invoking the presumption that both the parents and the boy exercised ordinary care the respondent may rest that issue since there is no proof to the contrary which would compel a different conclusion from that which the jury made.

■ Appellants complain of the unprofessional conduct of respondent's counsel during the course of the trial. Numerous instances are cited showing a persistent effort on the part of respondent's counsel to impress upon the jury that his adversary represented a corporation which was possessed of all evil, and that its counsel was guilty of unfair tactics in their attempt to defend such corporation. When a question of this nature is raised on the cold record, it is impossible for the appellate court to say whether the assigned misconduct is prejudicial; that is a matter primarily committed to the trial court which has every opportunity to see the purpose of the conduct complained of and its effect upon the jury. When the trial court passes it we will assume that it was not prejudicial unless the appellant does more than has been done here in merely citing the instances and labeling them as misconduct.

■ Criticism is made of instructions given upon request of respondent relating to the defense of contributory negligence on the part of the boy's parents. Criticism is directed to that part of the instruction reading: "without any contributory negligence on the part of the plaintiff", and it is argued that this eliminates from consideration the defense that the boy's mother might have been negligent in permitting him to play in the open unattended. The difficulty with the argument is that it picks out a single sentence from some twenty-three separate instructions given on the subject of contributory negligence. The jury was fully cautioned not to select a single instruction or portion of instruction but to consider them all as a whole. The defect found by appellants in the portion of the instruction cited was fully covered by the definite admonition reading: "If you find from the evidence that at the time and place in question Mr. or Mrs. Healy, the father and mother of the decedent Joseph G. Healy, Jr., were, or either of them was, guilty of any act of negligence which was the sole proximate cause of any injuries sustained by said Joseph G. Healy, Jr., at such time and place, then and under those circumstances, if you so find, your verdict must be for the defendants."

■ Further complaint is made of the refusal to give a portion of an instruction proposed by appellants with reference to the unlawful use of any roadway by a pedestrian. All the material portions of the proposed instruction relating

to the provisions of the city ordinance regulating the conduct of a pedestrian in crossing a roadway were given. This was all that was material to the issue involved as the boy was attempting to cross the street at the time of the injury.

Finally it is argued that the verdict of five thousand dollars is excessive. No reason is given except that the respondent failed to prove loss to that amount. █ Proof of the exact pecuniary loss to a parent for the death of his minor child is of course impossible, and hence unnecessary. █ It is only when the amount of the verdict appears to be the result of passion or prejudice on the part of the jury, or that it is grossly out of proportion, that this court may hold that it is excessive. (8 Cal. Jur., p. 834.) The sum of five thousand dollars would appear to be reasonable within the contemplation of the Supreme Court as indicated in *O'Meara* v. *Haiden,* 204 Cal. 354 [268 Pac. 334, 60 A. L. R. 1381].

Appellants criticize portions of the instructions relating to the measure of damages but these instructions were all fully covered by other instructions. We find no prejudicial error in the record.

█ Appellants have taken two appeals, one from the judgment and one from the order denying their motion for judgment notwithstanding the verdict. Counsel have stipulated that both be consolidated for hearing, but appellant has not prosecuted the latter appeal, and it will be deemed abandoned.

The appeal from the order denying their motion for judgment notwithstanding the verdict is dismissed. The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 27, 1941. Edmonds, J., voted for a hearing.