[Civ. No. 12048. First Dist., Div. One. Oct. 3, 1942.]

HENRY SPRINGER et al., Respondents, v. ANDREW SODESTROM, Appellant.

Bronson, Bronson & McKinnon for Appellant.

Custer & Schubert and Theodore Tamba for Respondents.

WAGLER, J. pro tem.—This is an appeal by defendant from an order granting plaintiffs' motion for a new trial. The action was brought by the plaintiffs to recover damages for the wrongful death of their twenty-two-months'-old child. Judgment for defendant was entered upon a jury's verdict. Thereafter, plaintiffs moved for a new trial on three grounds: (1) Insufficiency of the evidence; (2) that the verdict and judgment were against law, and (3) errors in law. Within the time prescribed by law a minute order was entered by the clerk as follows: "In the above entitled action, the motion for new trial having been heretofore submitted to the Court for its consideration and decision, and good cause appearing it is ordered that the motion be granted." No written order was ever filed.

Inasmuch as the order granting the new trial was a general one, and since no written order specifying insufficiency of the evidence was filed with the clerk within ten days after the motion was granted, that ground cannot be considered

on appeal unless the evidence is insufficient in law and without material conflict on any material point. (*Thomas* v. *Driscoll,* 42 Cal. App. (2d) 23 [108 P. (2d) 43].)

Plaintiffs do not contend that the verdict and judgment were against law. They rely entirely upon the third ground, to wit, ''. . . Errors in Law,'' and in support of this contention they maintain that the trial court improperly submitted the issue of the plaintiffs' contributory negligence to the jury.

The plaintiffs themselves *submitted instructions on the issue of contributory negligence, and the case was tried by both sides on the theory that the question of contributory negligence was an issue in the case, and as such, was a question of fact for the jury.* ▆ Defendant contends that, since the plaintiffs proposed instructions on the issue of contributory negligence, they are therefore precluded from predicating error on the giving of such instructions. (*Collins* v. *Graves,* 17 Cal. App. (2d) 288 [61 P. (2d) 1198]; *Ray* v. *Kennedy,* 24 Cal. App. (2d) 583 [76 P. (2d) 147]; *Charves* v. *San Francisco-Oakland Terminal Railways,* 44 Cal. App. 221 [186 Pac. 154]; *Gray* v. *Ellis,* 164 Cal. 481 [129 Pac. 791].) There can be no doubt that under some circumstances the offering of instructions on an issue constitutes a waiver, but that rule does not restrict the power of the trial court to grant a new trial. If error appears in the record, the power of the trial court to grant a new trial is not limited by the conduct of the parties in inviting such error. On an appeal from a judgment, defendant's position would be tenable, but not so when an appeal is from an order granting a new trial. (*Nieves* v. *Vigolino,* 135 Cal. App. 763 [27 P. (2d) 916]; *Pope* v. *Wenisch,* 109 Cal. App. 608 [293 Pac. 622]; *Weaver* v. *Shell Oil Co. of California,* 129 Cal. App. 232 [18 P. (2d) 736].) As was stated in *Nieves* v. *Vigolino, supra,* page 765, ''. . . where the jury has been erroneously instructed and the trial court has determined that the error was prejudicial, we do not believe that it is precluded from granting a new trial merely because there may be said to be a waiver or an estoppel on the part of one of the parties. (*Weaver* v. *Shell Oil Company, supra.*) To hold otherwise would mean that the trial court, by reason of the action of the parties, would be powerless to correct what might be an obvious miscarriage of justice.''

It follows that if, in fact, it was error to submit the issue of contributory negligence to the jury, the order must be

affirmed. A determination of this question requires an examination of the record.

The plaintiffs are husband and wife; they lived on the north side of Juanita Way in San Francisco; defendant lived opposite plaintiffs on the southerly side of Juanita Way, which is thirty feet wide from curb to curb. On Sunday morning, September 29, 1940, defendant was preparing to drive his son to a street car station and had just backed his automobile out of his garage; he came to a dead stop when the rear wheels of the auto were about on the curb and waited for his son to close the garage doors and get into the car. Plaintiffs' infant son, twenty-two months old, was sitting on the curb on the opposite side of the street in front of plaintiffs' residence.

Defendant testified that while his son was closing the garage doors and getting into the car, he looked in his rear view mirror and saw the child sitting quietly; that he did not again try to ascertain the child's whereabouts; that as he backed into the street he heard a thud under his left wheel, and on investigation found the Springer child under his car. The child's head was ten or twelve feet from the southerly curb line.

The child was, at the time of the accident, in the care of an eighteen-year-old girl who acted as its nurse. Admittedly, the negligence of this nurse, if any, was chargeable to plaintiffs. On the morning of the accident, the nurse had taken the child into the garage in the basement, as was her custom, and engaged herself in washing the child's clothes in the laundry trays which were in the garage.

The nurse testified that while she was doing the washing, the garage doors were open; that after she had been in the garage about five minutes she heard a cry; that she ran out to the street and saw the baby under defendant's car; that she had been instructed by the parents never to let the baby out of her sight; that she never permitted the child to go into the back yard or out onto the sidewalk alone. Both the nurse and Mr. Springer testified that the child had many times been taken into the garage by the nurse while the laundry was being done and while the garage doors were open, and that the child had never gone out of the garage on any previous occasion.

The defendant produced as a witness eight-year-old Barbara Young, who was on the sidewalk in front of her home on the same side of the street as the Springer home, and a dis-

tance therefrom of five houses plus the width of Evelyn Street. She testified that she saw defendant's car parked in his driveway; that about five minutes before the accident she saw a young woman bring the child out on the sidewalk, then go back inside; that the child sat on the curb; that when the defendant backed into the street the child ran across the street and into the car.

The conduct of small children is unpredictable, and their propensity to run in any direction is a matter of common knowledge. Having once observed the child on the opposite curb while his vehicle was still motionless in the driveway, defendant's conduct in backing into the street without making any further effort to ascertain the conduct and whereabouts of the small child was not that of a reasonably careful and prudent person under the circumstances. (Cal. Jur. Supp., vol. 2, p. 454, § 283; *Scandalis* v. *Jenny*, 132 Cal. App. 307 [22 P. (2d) 545]; *Waterbury* v. *Elysian Spring Water Co.*, 139 Cal. App. 355 [33 P. (2d) 1048].) However, the defendant is not the only person whose conduct is in issue in this case. Here the parents are suing in their own right to recover for the wrongful death of their child.

Parents are chargeable with ordinary care in the protection of their minor children. (19 Cal. Jur., Negligence, p. 662, § 87; *Healy* v. *Market St. Ry. Co.*, 41 Cal. App. (2d) 733 [107 P. (2d) 488]; *Zarzana* v. *Neve Drug Co.*, 180 Cal. 32 [179 Pac. 203, 15 A. L. R. 401].)

There is a direct conflict as to how the child happened to be on the curb in the first instance. Barbara Young testified that a woman brought the child out on the sidewalk and then went inside. The nurse said the child escaped from the garage while she was doing the laundry. The child in this case was only twenty-two months old; it was not *sui juris*. A greater amount of care is required of the custodian in the protection of such a child than is required in the case of one more mature. The nurse knew that the garage doors were open, and in spite of the fact that the child had been in the garage before under identical circumstances and had not gone into the street, this fact did not warrant her in relaxing her vigil.

Plaintiffs' charge of negligence is based upon defendant's failure to be constantly vigilant and to heed the well-known propensity of small children to run into the street. Would not a like failure on the part of the custodian of the child charge the plaintiffs with contributory negligence? Obvi-

ously so. We must conclude that the question whether or not the plaintiffs, acting through the nurse, at the time and place in question, used ordinary care in the exercise of their parental duty was, under the pleadings and the proof, an issue in the case, and that the testimony of both the nurse and Barbara Young was such that reasonable minds might differ on this issue. The trial court, therefore, properly submitted the issue to the jury. (*Healy* v. *Market Street Ry. Co., supra; Carrisosa* v. *Southern Service Co.,* 128 Cal. App. 160 [16 P. (2d) 1032]; *De Nardi* v. *Palanca,* 120 Cal. App. 371 [8 P. (2d) 220]; *Seperman* v. *Lyon Fire Proof Storage Co.,* 97 Cal. App. 654 [275 Pac. 980]; *Metcalf* v. *Romano,* 83 Cal. App. 508 [257 Pac. 114]; *Wong Kit* v. *Crescent Creamery Co.,* 87 Cal. App. 563 [262 Pac. 481]; *Patania* v. *Yellow-Checker Cab Co.,* 102 Cal. App. 600 [283 Pac. 295]. See, also, 51 A. L. R. 209.)

█It is plaintiffs' final contention that even though the nurse may have been negligent in permitting the child to be on the street in the first instance, that once the defendant became aware of the child's presence the nurse's negligence, as a matter of law, ceased to operate as a factor of causation, and that the defendant's negligence was, therefore, a proximate cause of the accident.

This is a question upon which reasonable minds, under the evidence in the record, might differ. As such, the issue of proximate cause was properly submitted to the jury with appropriate instructions. (*Gallichotte* v. *California Mut. etc. Assn.,* 4 Cal. App. (2d) 503 [41 P. (2d) 349]; *Traylen* v. *Citraro,* 112 Cal. App. 172 [297 Pac. 649]; Restatement of the Law of Torts, §§ 434, 453.)

█Furthermore, if, as plaintiffs assume for the sake of their argument on this point, the nurse was negligent in the first instance in permitting the child to be on the street unattended, they must likewise concede that such negligence continued up to the time of the accident. Under such circumstances, the question whether or not an intervening act of negligence breaks the chain of causation so as to make the original negligence a remote cause rather than a proximate cause of an injury, is always a question of fact to be decided by the jury. (*Pastene* v. *Adams,* 49 Cal. 87; *Merrill* v. *Los Angeles Gas & Elec. Co.,* 158 Cal. 499 [111 Pac. 534, 139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559]; *Katz* v. *Helbing,* 205 Cal. 629 [271 Pac. 1062, 62 A. L. R. 825]; *Royal Indemnity Co.* v. *Midland Counties Public Ser. Corp.,* 42 Cal. App.

628 [183 Pac. 960]; *Polloni* v. *Ryland,* 28 Cal. App. 51 [151 Pac. 296]; *Rae* v. *California Equipment Co.,* 12 Cal. (2d) 563 [86 P. (2d) 352]; *Taylor* v. *Oakland Scavenger Co.,* 17 Cal. (2d) 594 [110 P. (2d) 1044]; *Fennessey* v. *Pacific Gas & Electric Co.,* 20 Cal. (2d) 141 [124 P. (2d) 51].)

A recent expression on this point by the Supreme Court is to be found in the Fennessey case, *supra,* where the court said (p. 143): ''The main contentions of appellants are that the evidence proves as a matter of law that at the time of the accident they were engaged in 'emergency' work within the meaning of a municipal ordinance, but that, assuming negligence on their part, the evidence fails to show that such negligence was a proximate cause of the accident. In regard to the latter contention, it is their theory that the act of the jitney bus driver broke the chain of causation between any negligence in parking the truck and plaintiff's injuries. . . . Whether the parking of appellants' repair truck between the safety zone and the curb had anything to do with the swerve or turn of the jitney bus on to the first or second street car tracks, as the result of which the accident occurred, or whether the jitney driver could have averted such accident, notwithstanding that he violated the ordinance prohibiting driving to the left of a safety zone, were purely questions of fact to be determined by the jury. If the jury believed the evidence in support of respondents' theory that the parking of appellant company's car was a proximate cause of the accident, we are unable to interfere. [Citing cases.] In *Lacy* v. *Pacific Gas & Electric Co.,* 220 Cal. 97, 98 [29 P. (2d) 781], the court said: 'The authorities in this state hold that where the original negligence continues and exists up to the time of the injury, the concurrent negligent act of a third person causing the injury will not be regarded as an independent act of negligence, but the two concurring acts of negligence will be held to be the proximate cause of the injury.' [Citing cases.]''

The instructions given to the jury on the issues of negligence and proximate cause were correct in all respects.

Since no errors of law appear in the record, upon which the order granting the new trial could have been predicated, the order should be and is reversed.

Peters, P. J., and Ward, J., concurred.