[Civ. No. 15024. Second Dist., Div. Two. Oct. 31, 1945.]

BERNARD T. AGDEPPA et al., Appellants, v. HOMER EDWARD GLOUGIE et al., Respondents.

William T. Selby for Appellants.

Kermit J. Morgan and Don R. Holt for Respondents.

FOX, J. pro tem.—Plaintiffs brought this action to recover damages for the death of their infant son, Louis, aged three years and five months. They have appealed from

a judgment in favor of the defendants rendered by the court sitting without a jury.

The tragedy occurred a few minutes before noon on June 7, 1944, at the intersection of Meta and Oak Streets in the city of Ventura. Meta Street is U. S. Highway 101 and is the main thoroughfare and truck highway through said city. Oak Street intersects Meta Street at right angles. On Meta Street is a crosswalk marked by concrete inserts which are on the prolongations of the sidewalk lines on the east side of Oak Street. Meta Street is divided into six traffic lanes. Defendant Glougie was driving a truck and semitrailer which were owned by defendant Suglio. He was traveling west, at not over twenty miles per hour, on Meta Street, in the second traffic lane from the north curb. When he was between ten and twenty feet east of the crosswalk he first saw Louis as he jumped off the curb on the northeast corner of the intersection. The child ran very rapidly in a southerly direction in attempting to cross Meta Street and join his two companions who had already run diagonally across said street. However, as Louis crossed the second traffic lane he was hit by the truck and killed.

The plaintiffs' house was located at 336 Front Street in the city of Ventura. This street is parallel to and one block south of Meta Street. The main line of the Southern Pacific Railroad runs down the center of Front Street. The plaintiffs' home was about one and a half blocks from the scene of the accident; that is, one block south and one half block west. The mother testified that prior to the time of the accident she and her three children, Louis, Jacqueline, aged two years, and Gerald, aged five months, were in their home. The father was uptown. The mother further testified that she and Louis had been playing in the bedroom. After their play Louis made his exit into the uninclosed back yard. She was unaware of the child's intentions and made no effort to ascertain the same; nor did she keep track of him or know of his whereabouts. It was necessary for Louis to cross the Southern Pacific tracks and Meta and Oak Streets to get to the scene of the accident. He had been gone from the house about ten minutes when his mother was informed of the accident.

It is necessary to determine only two questions on this appeal: (1) Is the evidence sufficient to support the finding that the death of Louis was proximately caused by the negli-

gence of the plaintiffs, and (2) must the judgment be reversed because of inconsistent findings?

■ The conduct of small children is unpredictable and their propensity to wander from their premises and into the streets is a matter of common knowledge. (*Springer* v. *Sodestrom*, 54 Cal.App.2d 704 [129 P.2d 499].) Parents are therefore chargeable with the duty of exercising ordinary care in the protection of their minor children. (*Seperman* v. *Lyon Fire Proof Storage Co.*, 97 Cal.App. 654 [275 P. 980]; *Healy* v. *Market Street Railway Co.*, 41 Cal.App.2d 733 [107 P.2d 488].) Where the failure of the parents to exercise such care proximately causes or contributes to the injury or death of their child the action of the parents for damages is thus defeated. (*De Nardi* v. *Palanca*, 120 Cal. App. 371 [8 P.2d 220]; *Seperman* v. *Lyon Fire Proof Storage Co., supra.*) ■ Whether or not the mother was guilty of negligence which proximately caused the death of Louis was a question of fact for the trial court. (*Fox* v. *Oakland Consolidated Street Railway*, 118 Cal. 55 [50 P. 25, 62 Am. St.Rep. 216]; *Daly* v. *Hinz*, 113 Cal. 366 [45 P. 693]; *De Nardi* v. *Palanca, supra.*) ■ Although the father was not at home on the fateful morning he is nevertheless chargeable with any negligence in this respect on the part of the mother. (*Springer* v. *Sodestrom, supra.*) ■ Guided by these principles it must be held that there is substantial evidentiary support for the trial court's finding that the plaintiffs were negligent and that their negligence proximately caused the accident. Consequently the plaintiffs cannot recover.

■ Plaintiffs argue, however, that the trial court did not intend to find that they were guilty of negligence. This contention is based on the circumstance that the trial judge in his memorandum to counsel directing the preparation of findings and the judgment indicated that the defendant truck driver was not guilty of any negligence that proximately caused the accident. The plaintiffs' negligence was not mentioned in the memorandum. Their negligence, however, was an issue in the case under the pleadings and the evidence and was specifically drawn to the court's attention during the cross-examination of the mother. It was therefore necessary to have a determination of this issue, and such official determination is to be found in the formal findings of the trial court and not in some preliminary memo-

randum which is no part of the record on appeal. (*Estate of Finkler,* 7 Cal.2d 97, 103 [59 P.2d 801]; *Falk* v. *Falk,* 48 Cal.App.2d 772, 777-778 [120 P.2d 720].)

Plaintiffs' contention that the judgment must be reversed because of inconsistent findings is not well founded. It is an established rule that all the findings should be read together and so construed as to uphold rather than defeat the judgment, and to that end the findings are to be liberally construed and any inconsistency therein is to be resolved, if reasonably possible, in favor of sustaining the judgment. (*Hotaling* v. *Hotaling,* 193 Cal. 368, 385 [224 P. 455, 56 A.L.R. 734]; *Jones* v. *Pleasant Valley Canal Co.,* 44 Cal.App.2d 798, 806 [113 P.2d 289]; 24 Cal.Jur. § 230, pp. 1009-1010.) Reading the findings in the light of these principles it is clear that the court intended to and did exonerate the defendants of any negligence proximately causing the death of Louis and placed the responsibility therefor on the plaintiffs.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.