[Civ. No. 9055.   Third Dist.   July 2, 1957.]

GENE GEREN, Appellant v. MRS IRENE LOWTHIAN et al., Respondents.

232

Lovett K. Fraser and Bruce B. Bruchler for Appellant.

Geary, Spridgen & Moskowitz and Frank L. Barrett for Respondents.

WARNE, J. pro tem.*—Appellant brought an action for recovery of medical expenses, plus compensation for anticipated loss of earnings, of his 4-year-old daughter as a result of injuries suffered by her when she was struck by respondents' automobile. The cause was tried by the court without a jury, and judgment was entered in favor of the respondents. The appeal is from the judgment.

The evidence discloses that at about 4 o'clock in the afternoon of August 21, 1952, Mrs. Lowthian was driving west on Armstrong Street in the town of Lakeport at a speed of less than 25 miles an hour. Judy Geren, appellant's daughter, and some other young children were gathered about a lemonade stand which they had built. The stand was located on the north side of Armstrong Street a short distance from the intersection with High Street. Mrs. Lowthian noticed the children as she approached the intersection of High and Armstrong Streets. As she reached the west side of the intersection, Judy suddenly ran out into the path of Mrs. Lowthian's automobile. She was struck by the car and suffered severe injuries that necessitated hospitalization for several weeks. When Mrs. Lowthian saw Judy running to-

---

*Assigned by Chairman of Judicial Council.

ward the car, she immediately applied her brakes and swerved to the left but was unable to avoid striking the child. Both of Judy's parents were employed, and she and her 5-year-old brother were left in the care of a Mrs. Darlene Ray, the mother of one child who expected a second child at the time. Mrs. Ray lived in an apartment on the second floor of Judy's home. Just prior to the accident, Mrs. Ray had permitted Judy and her brother to cross to the lemonade stand. The children had returned from that trip and had not received permission to cross the street again. At the time of the accident, the children were not being observed by Mrs. Ray. There was evidence that the children frequently crossed the streets unescorted. Although the Geren yard was fenced, the gates were frequently left open so that the children were able to go in and out at will. The trial judge found that Mrs. Lowthian was not negligent; that the Gerens were careless and negligent in the management and control of their children; and that such negligence was a proximate cause of the accident.

Appellant contends that the negligence of Mrs. Lowthian was established as a matter of law. He alleges that Mrs. Lowthian was negligent, because she did not slow down when she noticed the children, sound her horn, or take any precautions to avoid injury to the children. ■ There is no question that the presence of children is in itself a warning requiring the exercise of care for their safety. (*Hilyar* v. *Union Ice Co.*, 45 Cal.2d 30, 36 [286 P.2d 21]; *Seperman* v. *Lyon Fire Proof Storage Co.*, 97 Cal.App. 654 [275 P. 980]); that it is ordinarily necessary to exercise greater care for the protection and safety of young children than for adult persons possessing normal and mature faculties; and that the conduct of small children is unpredictable, and one operating a motor vehicle should anticipate their thoughtlessness and impulsiveness. (*Kading* v. *Willis*, 135 Cal.App.2d 82 [286 P.2d 861].) ■ However, the question of whether a driver's duty to young children, once it arises, has been performed is ordinarily a question of fact. (*Kading* v. *Willis*, *supra*; *Frederiksen* v. *Costner*, 99 Cal.App.2d 453 [221 P.2d 1008].) ■ In the instant case Mrs. Lowthian saw the children standing by a lemonade stand at the side of the road on private property. The children were not playing. As she approached, Judy suddenly turned and ran a distance of but 10 feet into the street before she was struck. Mrs. Lowthian was driving at less than 25 miles per hour. As heretofore stated,

she immediately applied her brakes and veered her car to the left when she saw the child running into the street. Under such circumstances, it cannot be said that Mrs. Lowthian was negligent as a matter of law. Under the facts and circumstances it may reasonably be inferred that the accident happened so suddenly that it was unavoidable.

▇ Nor is the fact that Mrs. Lowthian did not sound her horn when she saw the children negligence *per se,* for it is only when it is reasonably necessary to insure safe operation that a horn shall be sounded. (Veh. Code, § 671, subd. (b).) Furthere, it was also a question of fact for the trial court to resolve whether a warning was necessary. (*Freeland* v. *Jewel Tea Co.,* 118 Cal.App.2d 764, 769 [258 P.2d 1032].) We conclude that it was a question of fact as to whether Mrs. Lowthian was negligent under the circumstances. The trial court having found that she was not negligent, this court may not substitute its determination for that of the trial court.

▇ The appellant also contends that the finding of the trial court that the parents of the injured child were guilty of contributory negligence is not supported by the evidence. The evidence shows that appellant's two small children were frequently allowed to cross the street unescorted, and that on the day of, and just prior to, the accident, Mrs. Ray who was the custodian of the children at the time had permitted Judy to cross Armstrong Street unattended, and at the time of the accident she was on the street unattended. The evidence also shows that although appellant erected a fence about his yard, the gates were frequently left open and the child permitted to play on High Street. While this testimony is such that reasonable minds might differ on the same issue, we feel that it is sufficient to sustain an inference that the parents did not use ordinary care for the protection of the injured child. ▇ Parents are chargeable with ordinary care for the protection of their minor children. (*Galbraith* v. *Thompson,* 108 Cal.App.2d 617 [239 P.2d 468]; *Agdeppa* v. *Glougie,* 71 Cal.App.2d 463 [162 P.2d 944]; *Springer* v. *Sodestrom,* 54 Cal.App.2d 704 [129 P.2d 499].)

▇ It is appellant's final contention that even though the custodian of the child may have been guilty of negligence in allowing her to be on the street unattended, he should still recover under the doctrine of last clear chance. We conclude that the doctrine of last clear chance is not applicable in this case for the reason that respondent would be liable only if she had the last clear chance to avoid the

accident by the exercise of ordinary care. Bearing in mind that when Mrs. Lowthian first saw the children a short distance from the point of impact, all the children were off the street at the lemonade stand; that she was traveling at a speed less than the required legal speed limit; that the child suddenly ran a distance of only 10 feet before being struck, and that Mrs. Lowthian immediately applied her brakes and veered her car to the left in an effort to avoid the accident, it may not be said that the accident and the resulting injuries were the proximate result of the failure on the part of respondent to exercise ordinary care to avoid the accident when the child ran into the path of danger. (*Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729 [306 P.2d 432].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.