[S. F. No. 4753. In Bank.—May 27, 1909.]

## JESSIE D. SEALE, Plaintiff, v. LARKIN W. CARR, Appellant; STERLING D. CARR, Respondent.

PARTITION—CONSENT TO ATTORNEY'S FEES—ESTOPPEL—APPEAL.—A defendant in an action of partition, who consents in the trial court to the allowance of attorney's fees for his co-defendant, and requests a similar allowance for himself, on the ground that their services were for the common benefit, within the meaning of section 796 of the Code of Civil Procedure, is estopped on appeal from asserting the contrary and claiming that such allowances were erroneous.

APPEAL from a part of a judgment of the Superior Court of Monterey County adjudging and apportioning costs in an action of partition.  B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Daugherty & Lacey, for Appellant.

Jesse W. Bryan, and John T. Williams, for Respondent.

Zabala & Wyatt, J. C. Carey, and John K. & Roy L. Alexander, for Plaintiff.

HENSHAW, J.—The action was in partition.  At a hearing, before the entry of final judgment, the court made an award of attorney's fees to plaintiff in the sum of two thousand dollars, to Sterling D. Carr, a defendant and respondent, in the sum of two thousand dollars, and to Larkin W. Carr, defendant and appellant, in the sum of fifteen hundred dollars.  These awards must have been granted under the provisions of section 796 of the Code of Civil Procedure.  That section, so far as applicable, declares that "the costs of partition, including reasonable counsel fees expended by plaintiff, or either of the defendants, for the common benefit . . . must be paid by the parties respectively entitled to share in the lands."  The interests of the three parties to the partition is not in dispute, and is one third each.  The appellant contends that upon the evidence before the court the award to himself, as well as to his co-defendant, Sterling D. Carr, was unauthorized, improper and erroneous, because it was not shown to

CLV Cal.—37

the court that services for the common benefit had been rendered by Larkin W. Carr or Sterling D. Carr, or the attorneys of either of them.

If this matter were open for consideration upon the merits, much force would attach to and much support be found for appellant's contention in this regard. But it appears from the record that when the attorney for Sterling D. Carr asked, on behalf of his client, for an allowance by way of attorney's fees and stated the nature of the services which he had rendered, and which he contended were for the common benefit, Mr. Andresen, the then attorney for Larkin W. Carr, appellant herein, and representing him at the hearing, sought on behalf of this appellant a similar allowance, addressing the court as follows: "The defendant Larkin W. Carr urges upon the court the right of compensation to his attorney in this matter, and urges that right upon the same ground urged by Mr. Williams, representing Sterling D. Carr, that the work so done by the attorney for Larkin W. Carr, the defendant, was for the common benefit of the estate, and that the interests of the defendant Larkin W. Carr were mutual with those of Sterling D. Carr, and for those persons we ask that $1500 be allowed as a fee for the services rendered." Without further quoting from the record, it is shown that Mr. Andresen was assenting to the allowances claimed by plaintiff and by Sterling D. Carr, and that the court finally stated: "I think that the amount asked for by each side is reasonable." If in fact, as appellant now contends, the court fell into error in making these allowances to defendants for the services of their attorneys, it is plain that the error was invited by appellant, and that he is estopped from here complaining of it. He distinctly gave his assent through his attorney to the award to Sterling D. Carr, and affirmatively invited and requested the award to himself, which he now urges to have been erroneous. It is too well settled to require the citation of authorities, that the assent in the one case and the invited error in the second case preclude the party from taking advantage of the alleged errors upon appeal.

The order appealed from is affirmed.

Lorigan, J., Shaw, J., Angellotti, J., and Melvin, J., concurred.