[Civ. No. 7209. Fourth Dist. Nov. 1, 1963.]

FRANK MARTINOVIC, JR., a Minor, etc., Plaintiff and Appellant, v. PATRICK R. FERRY et al., Defendants and Respondents.

Sankary, Sankary & Horn, Morris Sankary and David Horn for Plaintiff and Appellant.

Gray, Cary, Ames & Frye, J. Clifford Wallace and Gerald R. Schmelzer for Defendants and Respondents.

BROWN (Gerald), J.—Plaintiff has appealed from a judgment, based upon a jury verdict, favoring defendants in his action for personal injuries incurred when he was run over by a cement truck. He contends: (1) that the truck-driver was negligent as a matter of law; (2) that he himself was not contributorily negligent as a matter of law and the court erred in instructing the jury on this issue; (3) that the court failed to instruct on all theories of his case; (4) that the court erred in admitting evidence of the truckdriver's state of mind as to the whereabouts of plaintiff, and in giving an instruction thereon; and (5) that the court erred in instructing the jury on the standard of conduct required of the truckdriver.

At the age of 5 years and 2 months plaintiff, Frank Martinovic, Jr., was run over by a cement truck operated by defendant Richard S. Ames, and owned by defendant Ferry Brothers Material Co. Ames had delivered a load of cement to a home in an unincorporated San Diego County residential area. He then stopped across the street in front of a home owned by Mr. and Mrs. Grunloh to wash the cement chutes attached to the back of the truck. For this purpose the truck was equipped with a hose and water supply. Ames set the brakes and left the engine running and the cement drum turning. (The engine operated both the truck and the cement drum; it was not possible to operate the drum without the engine running.) While washing the chutes Ames observed the plaintiff on the Grunloh property, standing at the corner of the cement driveway leading to the house, a position about 17 feet from the road on which the truck was stopped.

After finishing his job Ames looked along both sides of the truck from his position at the rear, and after getting in the truck looked immediately ahead and saw no one. He assumed the boy had gone into the Grunloh house. Ames released the emergency brake, shifted the truck into gear, released the air brakes and started forward and the accident happened. Mrs. Grunloh testified that she observed the boy start to cross the road while approximately one foot in front of the truck, at which time the truck began to move. The movement of the truck was downhill on an approximate 7 per cent grade.

1) *Was the defendant truckdriver negligent as a matter of law?*

Plaintiff asserts, as a matter of law, that the truck driver should have looked in front of the truck to discover plaintiff's presence. It is plaintiff's position that Ames, the truck-

driver, having seen and being aware of plaintiff's presence in the area, was negligent as a matter of law in failing to look in front of the truck to discover plaintiff. This arbitrary and absolute requirement is not the proper criterion. Rather, it is a question of fact for the jury to determine whether Ames' conduct, considering all of the surrounding circumstances, amounted to negligence. (*Abney* v. *Coalwell*, 200 Cal.App.2d 892, 895-896 [19 Cal.Rptr. 846].)

 2) *Was the plaintiff free from contributory negligence as a matter of law and did the court err in instructing the jury on this issue?*

Plaintiff does not argue that he was incapable of contributory negligence, but that there was no evidence of any negligence on his part. He states the only evidence of his conduct was supplied by Mrs. Grunloh, who said he walked casually across the road in front of the truck, and while so walking the truck started ahead and rolled over him. Plaintiff testified he knew he was not supposed to be around trucks and cars. The court instructed the jury on the law of contributory negligence as applied to minors. Plaintiff does not complain that the instruction itself improperly states the law, but that no instruction thereon should have been given.

 Assuming capability, the question of contributory negligence of a child is generally an issue to be determined by the trier of fact. Each case must be judged and decided on the facts shown by the evidence and the inferences to be drawn therefrom. Here there was sufficient evidence to go to the jury as to whether or not the plaintiff was contributorily negligent, and therefore the instruction on contributory negligence was proper. (*Courtell* v. *McEachen*, 51 Cal.2d 448, 454 [334 P.2d 870].)

3) *Did the court fail to instruct on all theories of plaintiff's case?*

Plaintiff states it is a well-known proposition of law that the court must instruct the jury on all theories of plaintiff's case where there has been any evidence introduced in support of such theory, citing *Guyton* v. *City of Los Angeles*, 174 Cal.App.2d 354 [344 P.2d 910], and *Kading* v. *Willis*, 135 Cal.App.2d 82 [286 P.2d 861]. This is an overstatement and misleading exposition of the law. These two cases and others properly set forth the rule that a party is entitled to an instruction upon any theory which the evidence *substantially* supports. (*Guyton* v. *City of Los Angeles, supra*, 174 Cal.App.2d 354, 360; *Kading* v. *Willis, supra*, 135 Cal.

App.2d 82, 90; 1 Stanbury, California Trial and Appellate Practice, § 620, p. 677.) With that in mind we believe the trial judge commendably gave a fair and full charge to the jury, not in stereotype words, but in confident and living language from a source of long experience and practical judgment.

It was plaintiff's theory that Ames was negligent. The court defined and discussed negligence and ordinary care at some length, and then stated to the jury: ''Now, we are to apply that particularly to the question involved here and it is at this point that we can simplify, I think considerably, your consideration. It is the undisputed evidence in this case that this truck was stopped; that Mr. Ames got into the truck and he started it; and that the boy was in such position that he was run over by the truck. Now, it's that simple. There has been a lot of testimony that has come in here as to the exact location of this truck within the borders of the right of way of the street. And that is of no consequence, for this reason; that the duty to use care is the same regardless of where it was located. The driver of the truck is required to use ordinary care in operating the truck. He is required to use care to see that it is so operated as to not injure the person or property of people who are likewise in the highway or in the area and to use care to see that, to keep a lookout to see that no person is to be injured. When he starts a motor vehicle, he is required to use ordinary care to see that that movement may be made safely.

''And to all of this, he is required to use that degree of care that the ordinary, reasonable person would use under the same or similar circumstances. And that degree of care is the same regardless of the point in that area that he may have been standing and from whence he started.

''So to pinpoint our consideration of the case, the question is whether or not the driver of the truck used ordinary, reasonable care in making observations and in starting the truck and whether or not, if he failed to use such ordinary care, that was a proximate cause of the injuries received by the plaintiff.''

This charge is more than adequate to cover the following instructions requested by the plaintiff and refused:

(a) ''Vehicle Code, § 22106 provides: 'No person shall start a vehicle stopped, standing, or parked on the highway until such movement can be made with reasonable safety.' ''

(b) ''A pedestrian using the roadway has the right to

assume that the driver of a motor vehicle which is parked will use reasonable care not to start to move the vehicle until it is reasonably safe to do so.''

The second of these proposed instructions is similar to BAJI 138, 138.1 and 138.2, except that it fails to include the essential words regarding the pedestrian ''... who, himself, is exercising ordinary care. ...'' ▮ Both the driver and the pedestrian should exercise due care compatible with the situation confronting them. (*Tomey* v. *Dyson*, 76 Cal.App.2d 212, 219 [172 P.2d 739].) ▮ Upon the subject of ordinary care required of the truckdriver the trial court gave sufficient instructions. Moreover, it had the right to reject an instruction which was correct only in part. (*Royko* v. *Griffith Co.*, 147 Cal.App.2d 770, 772 [306 P.2d 36].)

▮ The foregoing reasons likewise support the trial court's rejection of plaintiff's requested instruction which reads: ''In an unincorporated area, the pedestrian has the right to cross the roadway at any point. Therefore, it was not negligence or violative of any statute for the plaintiff to have attempted to cross the street at the time and place involved here.'' In addition this instruction is argumentative.

▮ Plaintiff complains that the court refused his instructions on Vehicle Code, sections 555, 21952 and 22500, subdivision (f), relating to the definition of a sidewalk and a motorist's obligation with respect thereto and to pedestrians thereon. Plaintiff seeks to create a sidewalk when none was there. The photographs introduced in evidence clearly show no sidewalk. Plaintiff's citation of the reporter's transcript does not support his contention that a sidewalk existed. Substantial evidence was lacking that there was a sidewalk, and the court properly refused these proposed instructions which would have created a false or nonexistent issue.

▮ Instructions on other sections of the Vehicle Code, 21710 and 22515, were refused. Section 21710 prohibits coasting a vehicle downhill with the gears in neutral. The evidence does not substantiate that the truckdriver coasted his vehicle in neutral. Section 22515 provides that a motorist must not leave a vehicle unattended on a highway without first stopping the motor. There was no evidence that the truck was unattended at the time the accident happened; furthermore, any violation of this statute could not have been a proximate cause of the accident.

▮ The court's refusal to give the ''look but not see''

instruction, BAJI 140, is not prejudicial. The instruction was argumentative under the facts of this case and was unfair to the driver in that it failed to consider one of the most obvious explanations of his not seeing the boy immediately before the accident—the boy may have been directly in front of the truck, with parts of the truck interfering with the line of view between the driver and boy. (*Abney* v. *Coalwell*, *supra*, 200 Cal.App.2d 892, 899; *Callahan* v. *Theodore*, 145 Cal.App.2d 336, 339-340 [302 P.2d 333].)

Next, plaintiff complains that the court erred in failing to give two instructions placing a higher degree of care on a truckdriver than a pedestrian because the driver is in control of a dangerous instrumentality. These instructions were properly refused. Both driver and pedestrian owe the same degree of care, namely, ordinary care. (*Abney* v. *Coalwell, supra,* 200 Cal.App.2d 892, 899.)

There was no error in the court's refusal to give BAJI 101-D, advising the jury that intent is not an essential element of negligence. This instruction was unnecessary, the definition of negligence having been adequately covered by the court.

The next refused instruction related to a custom in the truck-driving industry which required drivers to walk around their trucks before proceeding. We have read the entire testimony of the witnesses who testified in this respect and we conclude from it only that the goal of truckdrivers is to operate their trucks safely. Whether the defendant Ames did so in the instant case was to be measured against the court's instructions on negligence and ordinary care, which, as previously pointed out, were ample and proper.

The court did not give this requested instruction: "If you find the plaintiff was unaware that the defendant Ames was going to move the truck, then plaintiff could not be guilty of contributory negligence as a matter of law."

This proposed instruction is unsound in seeking to exculpate the plaintiff from possible contributory negligence on the sole ground of his being unaware that the truck was about to move, without considering, for example, his own duty of exercising ordinary care to be aware that the truck might move.

The next instruction, "The driver of a motor vehicle which is stopped who sees and knows that there are children in the immediate area, must ascertain the whereabouts of the children before proceeding to move the vehicle in any direc-

tion.'' places an absolute duty on the driver, and was properly refused.

 4) *Did the court err in admitting evidence of the defendant truckdriver's state of mind as to plaintiff's whereabouts and in instructing the jury thereon?*

This subject matter does not concern declarations of state of mind under the hearsay rule, but merely what the truckdriver thought the position of plaintiff was immediately before the accident happened. Ames had seen the plaintiff near the Grunloh house, and not seeing him later on, testimony was admitted over objection that he thought the boy had gone into the house. The evidence was admitted without objection, however, from an officer of the California Highway Patrol, that the driver told him he thought the boy had gone into the Grunloh house. The court instructed the jury, ''The defendant has testified that he assumed that the child had left the neighborhood. And it is for you to determine whether, in the exercise of ordinary care and in view of all of the facts, whether he took the degree of precaution that an ordinary, reasonable person would have taken.'' The assumption of the defendant Ames that the boy had gone into the Grunloh home, was a conclusion based on the collected facts of what he had observed. His thought or state of mind was a fact in determining whether he used ordinary care under the circumstances, and the court properly charged the jury to determine whether his conduct measured up to the standard of ordinary care required of him. (*Cope* v. *Davison,* 30 Cal.2d 193, 200 [180 P.2d 873, 171 A.L.R. 667].)

 5) *Did the court err in instructing the jury on the standard of care required of the defendant truckdriver?*

We have quoted above the application of the law of negligence and ordinary care to the conduct of the truckdriver, to the effect that the truckdriver was ''required to use that degree of care that the ordinary, reasonable person would use under the same or similar circumstances.'' Plaintiff contends the court should have told the jury that it was necessary for Ames to exercise greater care because he knew of the presence of a child in the area. The truckdriver was only required to exercise ordinary care under all the circumstances then existing; the fact that he knew of the presence of the child and the fact that he was driving a vehicle which was capable of inflicting injury, still required of him the duty to exercise ordinary care under the circumstances. The truckdriver's

duty of care toward a young child was adequately covered by the instructions we have discussed.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a rehearing was denied November 21, 1963, and his petition for a hearing by the Supreme Court was denied December 30, 1963.